IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOHN FRANCIS | § | |
| v. | § | CIVIL ACTION NO. 6:23cv574 |
| MEDICAL DEPARTMENT | § | |

<u>REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>

The Plaintiff John Francis, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights during his confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. The lawsuit was originally filed in the Northern District of Texas and was transferred to the Eastern District, where it was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and Local Rule CV-72 of the Local Rules of Court for the Eastern District of Texas.

On November 30, 2023, Plaintiff was ordered to pay the statutory filing fee of $402.00 or to seek leave to proceed *in forma pauperis* in accordance with 28 U.S.C. §1915(b). By separate order, Plaintiff was directed to file an amended complaint setting forth a short and plain statement of his claims.

Plaintiff received these orders on December 12, 2023, but he has not complied with or responded to the order to pay the filing fee or seek leave to proceed *in forma pauperis*. He has written two letters briefly discussing incidents occurring after the filing of his lawsuit, but not providing a short and plain statement of his original claims. Neither of these letters amount to an amended complaint in compliance with the Court's order because they do not because they do not provide a concise statement of the claims Plaintiff wishes to raise, identify the individuals whom he wishes to sue, set out the harm suffered, or state whether Plaintiff has exhausted his administrative remedies.

A district court may dismiss an action for failure of a litigant to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); Fed. R. Civ. P. 41(b). Such a dismissal may be done *sua sponte* and appellate review is confined to whether the district court abused its discretion in dismissing the action. *Id.*, *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962). Plaintiff's failure to prosecute his case or to comply with orders of the Court is demonstrated by his failure to file a proper amended complaint or to pay the filing fee or seek leave to proceed *in forma pauperis*.

Dismissal with prejudice for failure to prosecute or to obey an order of the Court is an extreme sanction which should be employed only when "the plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the Court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988), *citing Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissals without prejudice, among other lesser measures, prior to dismissing an action with prejudice. *McNeal*, 842 F.2d at 793.

Plaintiff's failure to comply with the Court's orders is not an action which threatens the judicial process, rendering dismissal with prejudice unwarranted. The imposition of fines and costs is not appropriate given the status and nature of this case. The Plaintiff's claims appear to have been ongoing when he filed his lawsuit in October of 2023, giving him ample time in which to refile his lawsuit, should he choose to do so, within the two-year statute of limitations. Consequently, the Court has determined that the interests of justice are best served by a dismissal of this lawsuit without prejudice.

## RECOMMENDATION

It is accordingly recommended that the above-styled civil action be dismissed without prejudice for failure to prosecute or to obey an order of the Court.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

**So ORDERED and SIGNED this 2nd day of February, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE